UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROSETTA CAMPBELLE

                Plaintiff

      -against-

THE NEW YORK CITY TRANSIT AUTHORITY
and THE CITY OF NEW YORK

                Defendants

PLAINTIFF'S PROPOSED
REQUEST TO CHARGE
07 CV 4442 (LS)

      Plaintiff requests that in addition to the usual "boiler plate" charges, the following Jury Instructions be charged from the Federal Jury Practice and Instructions:

      Rule 104.43    Credibility of Witnesses

      Rule 103.31    Consideration of the Evidence-Corporate Party's Agents and Employees

      Rule 105.01    Discrepancies in Testimony

      Rule 105.04    Impeachment-Inconsistent Statement or Conduct (*Falsus In Uno Falsus In Omnibus*)

      Proposed Charges from the New York Pattern Jury Instructions are attached hereto, including:

      PJI - 2:10

      PJI - 2:70

      PJI - 2:277

PJI - 2:280

The following proposed Charge is adapted from PJI:291:

**JURY INSTRUCTIONS #1**

**LIABILITY FOR CONDITION - LIABILITY - TO INVITEE
- FOREIGN SUBSTANCE ON FLOOR OR STAIRS:**

The owner/operator of a municipal transportation Authority, has a duty to exercise reasonable care to keep its vehicles in a reasonably safe condition. In order for Plaintiff to recover, she must show that her injury was caused by a dangerous condition on Defendant's bus, and that Defendant was negligent in that it failed to use reasonable care to discover or correct the condition. Reasonable care means that degree of care which a reasonably prudent (owner, possessor) of a vehicle would exercise under the same circumstances.

With respect to the existence of a dangerous condition, Plaintiff claims that she slipped and fell on the stairs, while exiting Defendant's bus because of the presence of a slippery foreign substance, thereon, and says further that if it was there, its presence did not create a condition of danger. If you find that there was no foreign substance present or, if it was, that a reasonably prudent person would not have anticipated danger to persons using the stairs in that condition, you will find that there was no condition of danger, and your verdict will be for Defendant. If you find that there was a foreign substance present and that a reasonably prudent person would have anticipated danger to persons using the stairs in that condition, you will find that there was a condition of danger, in which case you will then consider whether Defendant was negligent.

With respect to the issue of negligence, if you find that Defendant knew of the dangerous

**PJI 2:10. Common Law Standard of Care—Negligence Defined —Generally**

Negligence is lack of ordinary care. It is a failure to exercise that degree of care which a reasonably prudent person would have exercised under the same circumstances. It may arise from doing an act which a reasonably prudent person would not have done under the same circumstances, or, on the other hand, from failing to do an act which a reasonably prudent person would have done under the same circumstances.

**PJI 2:70. Proximate Cause—In General**

An act or omission is a proximate cause of an injury if it was a substantial factor in bringing about the injury, that is, if it had such an effect in producing the injury that reasonable men would regard it as a cause of the injury.

**JI 2:277. Damages—General**

My charge to you on the law of damages must not be taken as an intimation that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have given you whether plaintiff is entitled to recover from the defendant. If you decide he is not so entitled, you need go no further. Only if you decide that plaintiff is so entitled will you consider the measure of damages.

If you find that plaintiff is entitled to recover from the defendant, you must render a verdict in a sum of money which will justly and fairly compensate the plaintiff for all loss resulting from the injuries he sustained.

**PJI 2:280. Damages—Personal Injury—Injury and Pain and Suffering**

If you decide for the plaintiff on the question of liability, you may include in your verdict an award for the injury you find that he suffered and for conscious pain and suffering which you find to have been caused by the negligence of defendant. The plaintiff is entitled to recover a sum of money which will justly and fairly compensate him for his injury and for his conscious pain and suffering to date.

condition long enough in advance of Plaintiff's injury to have permitted Defendant in the exercise of reasonable care to have corrected it, and that Defendant failed to do so, or if you find that Defendant did not know of the condition, but that in the exercise of reasonable care Defendant should have known of it and corrected it, you will find that Defendant was negligent. If you find that Defendant did not know of the condition, and that by the exercise of reasonable care Defendant would not have been able to discover it and correct it, you will find that Defendant was not negligent.

Dated: New York, New York
      June 9, 2008

                                         Respectfully Submitted,

                                         Joseph Fleming, Esq.
                                         Joseph Fleming, Esq. P.C.
                                         Attorney for Plaintiff
                                         116 John Street, Suite 2830
                                         New York, NY 10038
                                         212-385-8036
                                         JF-9542

To:    Trina L. Moore, Esq.
         Armienti, DeBellis, Gugliemo & Rhoden, LLP
         Attorneys for Defendant
         44 Wall Street
         New York, NY 10005-2401

**DOCKET NO.** 07 CV 4442 (LS)

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

 ROSETTA CAMPBELLE
                         Plaintiff
       -against-

THE NEW YORK CITY TRANSIT AUTHORITY
and THE CITY OF NEW YORK

                    Defendants
```

PLAINTIFF'S PROPOSED REQUEST TO CHARGE

**JOSEPH FLEMING, ESQ., P.C.**
Attorney(s) for Plaintiff
116 John Street, Suite 2830
New York, NY 10038
(212) 385-8036

To:

Attorney (s) for

Service of a copy of the within
is hereby admitted

Dated: _____, ____

_____

**PLEASE TAKE NOTICE**
  o **NOTICE OF ENTRY**
that the within is a (verified) true copy of a
duly entered in the office of the clerk of the within named court on _____

  o **NOTICE OF SETTLEMENT**
after an order
will be presented for a settlement to the HON.

of which the within is a true copy

To

Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated:..................................  ........